93 N.J. Super. 107 (1966)
225 A.2d 139
WITAL CORPORATION, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
THE TOWNSHIP OF DENVILLE, A MUNICIPAL CORPORATION OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 7, 1966.
Decided December 6, 1966.
*108 Before Judges SULLIVAN, KOLOVSKY and CARTON.
Mr. Laurence B. Orloff argued the cause for appellant (Messrs. Greene & Orloff, attorneys).
Mr. Warren E. Dunn argued the cause for respondent (Messrs. Dunn & Ambrose, attorneys).
The opinion of the court was delivered by KOLOVSKY, J.A.D.
Plaintiff owns 33 acres of land in Denville. Under the comprehensive revised zoning ordinance adopted by the township on July 22, 1964, that property was included in a R-3 zone so that the property could be subdivided  as it could have been under the township's prior zoning ordinance  into building lots with a minimum lot area of 7,500 square feet within 125 feet of the front street property line.
On October 7, 1964 and March 17, 1965 the township amended the July 1964 zoning ordinance. Among other things, the amendments placed approximately 99 acres, including plaintiff's 33 acres, in a R-2 zone, in which building lots are required to have a minimum lot area of 15,000 square feet within 150 feet of the front street property line. The effect of the amendments was to reduce the number of building lots into which plaintiff's property could be subdivided.
Plaintiff attacks the validity of the amendatory ordinances. Although plaintiff also urges that the changes in minimum lot area accomplished by the amendatory ordinances are arbitrary and unreasonable and were adopted "without any reasonable *109 consideration of the purpose of zoning and statutory requisites to its validity," its principal contention is that the ordinances in fact constitute an abuse of the zoning power. Plaintiff charges that the ordinances were adopted not by reason of zoning considerations but for the purpose of depressing the value of plaintiff's property so that the township and its board of education, which seek to acquire a large portion of the property for school and park purposes, may obtain it at a lower price.
If plaintiff's charge is true, it is entitled to an adjudication that the amendatory ordinances are void, and this without reaching the question of whether the ordinance is otherwise arbitrary and unreasonable.
As was said in State ex rel. Tingley v. Gurda, 209 Wis. 63, 243 N.W. 317 (Sup. Ct. 1932):
"The zoning power is one which may be used to the great benefit and advantage of a city, but, * * * it is a power which may be greatly abused if it is to be used as a means to depress the values of property which the city may upon some future occasion desire to take under the power of eminent domain. Such a use of the power is utterly unreasonable, and cannot be sanctioned." (at p. 320)
See also Morris County Land, etc. v. Parsippany-Troy Hills Tp., 40 N.J. 539, 554 (1963); Plainfield v. Middlesex Borough, 69 N.J. Super. 136 (Law Div. 1961).
The trial court ruled that the proof offered by plaintiff "falls far short" of establishing the alleged abuse of the zoning power. We do not agree.
While the master plan standing alone would not be evidence of the present intention of the municipal bodies to acquire the property for school and park purposes, such proof is to be found in (a) the resolution adopted by the board of education on June 15, 1964, expressing the board's intention to acquire the property for use as a school site; (b) the resolution adopted by the township committee on June 17, 1964, expressing its intention to acquire the property for park use should the board of education determine that the property is *110 not suitable for a school site, and (c) the memoranda prepared by the secretary of the board of education for the use of the members of the board as to what transpired at meetings held on June 19, 1964, August 28, 1964 and September 24, 1964, between representatives of the township, its board of education and plaintiff.
At the latter three meetings, attempts were made to negotiate the price at which plaintiff would be willing to sell and the municipality to purchase the portion of plaintiff's property the municipal bodies seek for school and park purposes. Of particular significance in support of plaintiff's charge of an ulterior purpose in the adoption of the zoning ordinance amendment of October 7, 1964 is the following excerpt from the secretary's memorandum relating to the last meeting held on September 24, 1964:
"Our President [of the Board of Education] and the Mayor had a short talk after the others left. The gist being that we would have the property appraised and if the figure came in over the price the Board would be willing to pay, we would pull out and forget condemnation proceedings. In the meantime, the Town will use every means at their disposal to delay action."
Plaintiff's evidence was sufficient to require defendant township to assume the burden of going forward with evidence to meet the proof offered in support of the charge that the real purpose of the adoption of the amendatory ordinances was to depress the value of plaintiff's property. The municipality offered no testimony to rebut the inferences to be drawn from plaintiff's proofs. Its failure to do so would normally warrant a finding adverse to it on the issue.
In our opinion, however, the interests of justice dictate that we do not decide the case on the present record. It is evident that the township's failure to go forward with evidence on the issue resulted from a mistaken reliance on the rule which prohibits, in the case of an attack on an ordinance which is valid on its face, inquiry into legislative motivation, absent a showing of fraud, personal interest or corruption. Cf. LaRue v. East Brunswick, 68 N.J. Super. 435, 445 (App. *111 Div. 1961); Annotation, 71 A.L.R.2d 568 (1960); 5 McQuillin, Municipal Corporations (3d ed. 1949), § 16.90, p. 323. But that rule does not bar what is sought here, a judicial inquiry into the purpose of the ordinance. 5 McQuillin, op. cit., supra, § 16.91, p. 328; 2 Rathkopf, Zoning & Planning (3d ed. 1965), Chap. 52, § 1; Clary v. Borough of Eatontown, 41 N.J. Super. 47, 71 (App. Div. 1956); cf. Ott v. West New York, 92 N.J. Super. 184, 198 (Law Div. 1966). We find it unnecessary to pursue the question of whether an abuse of the zoning power such as is charged here is in any event a species of fraud rendering inapplicable the rule relied on by the township.
Under the circumstances, we deem it appropriate that the matter be remanded to the trial court for a further hearing at which defendant and plaintiff may offer evidence relevant to the charge of an abuse of the zoning power, following which the trial court will make new findings of fact and a determination with respect to that issue.
So ordered. We retain jurisdiction of the appeal.